UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

REPORT AND RECOMMENDATION

* * * * * * * * * * * * * * * * * *

Allstate Insurance Company and
Deerbrook Insurance Company,

                       Plaintiffs,

vs.

Alivio Chiropractic Clinic, Inc.,
D.C. Joshua Jason Anderson, and
Alexis Alarcon Aguilar,

                       Defendants.       Civ. No. 06-3241 (JNE/RLE)

* * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiffs' Motion to Lift Stay. A Hearing on the Motion was conducted on February 21, 2008, at which time, the Plaintiffs appeared by Richard S. Stempel, Esq.; and the Defendants appeared by Richard G. McGee, Esq.

For reasons which follow, we recommend that the Plaintiffs' Motion to Lift Stay be granted.

## II. Factual and Procedural Background

The Plaintiffs Allstate Insurance Company, and Deerbrook Insurance Company, filed a Complaint in which they allege that the Defendants conspired to defraud them on medical expense benefits, under the Minnesota No-Fault Automobile Insurance Act, Minnesota Statutes Section 65B.42 et seq. See, Complaint, Docket No. 1. The Complaint further alleges a violation of the Racketeer Influenced Corrupt Organizations Act ("RICO"), as well as asserting State law claims of conspiracy, no-fault fraud, healthcare fraud, and common law fraud relating to no-fault insurance claims submitted by claimants receiving chiropractic care at Alivio Chiropractic Clinic, Inc. (the "Clinic"), from chiropractor Joshua Jason Anderson ("Anderson"). The Complaint also names Alexis Alarcon Aguilar as a Defendant, and alleges that she served as a "runner" for the Clinic.

The Plaintiffs filed the Complaint in August of 2006, see, Docket No. 1, and a Scheduling Order was issued in October of 2006. See, Docket No. 9. On November 17, 2006, the Defendants filed a Motion to Stay the Proceedings pending resolution of a factually-related Federal criminal investigation, see, Docket No. 10, which was granted, upon Recommendation of a Magistrate Judge, by Order of the District Court,

the Honorable Patrick J. Schiltz presiding, dated January 12, 2007.  See, Docket No. 20.  In her Recommendation that the Motion for a Stay be granted, Magistrate Judge Jeanne J. Graham noted that a Grand Jury had been impaneled, that Anderson had received a "target letter" from the Office of the United States Attorney General for the District of Minnesota, that Search Warrants had been executed on the business premises of Anderson and the Clinic, and that Anderson had met with a member of the Attorney General's Office regarding the criminal investigation.[1]  See, Docket No. 19.  The case was reassigned to us on August 21, 2007.  See, Docket No. 21.

On January 30, 2008, we held a Status Conference in this matter, see, Docket No. 23, following which, the Plaintiffs filed a Motion to Lift Stay.  See, Docket No. 24.  The Defendants oppose the Motion.

---

[1] As noted by the Magistrate Judge, the facts in this case are related to the case of Progressive Northern Insurance Company, et al. v. Alivio Chiropractic Clinic, Inc., et al., Civ. No. 05-951 (JNE/RLE), which was filed in May of 2005, and was stayed by Order dated March 15, 2006.  See, Docket No. 150.  In that matter, we recommended that the Stay be continued on July 2, 2007, see, Docket No. 176, and the District Court adopted that recommendation by Order dated July 20, 2007.  See, Docket No. 177.  The stay in Progressive v. Alivio remains in place as of the date of this Recommendation.

III.  Discussion

The Plaintiffs' Motion to Lift Stay.

The Plaintiffs argue that the Stay in this matter should be lifted, as over one (1) year has passed since the "target letter" was issued to Anderson, upon which the Court issued a Stay and, since that time, there has been no further action in the criminal investigation, and neither Anderson, or any other Defendant, has been indicted.  Thus, the Plaintiffs claim that the original rationale for imposing the Stay, which was to avoid a conflict between the underlying criminal case and this matter, is no longer valid, and that, therefore, the case should be allowed to proceed.  The Defendants oppose lifting the Stay, and argue that the criminal investigation is still pending.  See, Affidavit of William Michael Jr., Docket No. 32, at ¶¶3-4.

A.  Standard of Review.  The Fifth Amendment to the United States Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself."  United States Constitution Amend. V.  Notably, the Amendment not only protects an individual against being involuntarily called as a witness against himself in a criminal prosecution, but also privileges him not to answer official questions, that are put to him in any other proceeding, civil or criminal, formal or informal, when the answers might incriminate him in future criminal proceedings.  See, Lefkowitz v. Turley, 414 U.S. 70, 77 (1973).

A Court may, in its discretion, grant a stay of a pending civil action in order to avoid interfering with a pending criminal investigation, see, Lunde v. Helms, 898 F.2d 1343, 1345 (8th Cir. 1990), or to preserve the ability of a defendant to assert his Fifth Amendment privilege in a pending criminal proceeding involving the same subject matter. See, Turley v. United States, 2002 WL 31097225 at *2 (W.D. Mo., August 22, 2002)("The rationale behind such a stay is that a litigant should not be allowed to use the liberal discovery procedures applicable to a civil suit to avoid restrictions on criminal discovery and obtain documents he would not otherwise be entitled to for use in his criminal suit."), citing Campbell v. Eastland, 307 F.2d 478, 488 (5th Cir. 1962).

Nevertheless, the Fifth Amendment does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. See, Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995), cert. denied, 516 U.S. 827 (1995). Otherwise stated, although "[a] stay of a civil trial until factually related criminal proceedings are concluded is sometimes warranted[,] a civil defendant cannot hide behind a blanket invocation of the Fifth Amendment privilege." Fidelity National Title Ins. Co. of N.Y. v. National Title Resources Corp., 980 F. Supp. 1022, 1024 (D. Minn. 1997), quoting Koester v. American Republic Investments, Inc., 11 F.3d 818, 823 (8th Cir. 1993). "In the absence of substantial prejudice to the rights of the parties

5

involved, [simultaneously] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." Id., quoting SEC v. Dresser Industries, Inc., 628 F.2d 1368, 1375 (D.C. Cir. 1980).

As our Court of Appeals observed, "to warrant a stay, defendant must make a strong showing either that the two proceedings are so interrelated that he cannot protect himself at the civil trial by selectively invoking his Fifth Amendment privilege * * * or that the two trials will so overlap that effective defense of both is impossible." Koester v. American Republic Investments, Inc., supra at 823, citing Angdala v. Sprague, 822 F.2d 1035, 1036-37 (11th Cir. 1987). In making this determination, a Court must consider the particular circumstances, and the competing interests, that are involved in each case. See, Federal Savings and Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989).

In addition to considering the extent to which a defendant's Fifth Amendment rights are implicated, a Court may consider, where relevant, the following five (5) factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it;

> (2) the burden which any particular aspect of the proceedings may impose on defendants;
>
> (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources;
>
> (4) the interests of persons not parties to the civil litigation; and
>
> (5) the interest of the public in the pending civil and criminal litigation.

Keating v. Office of Thrift Supervision, supra at 324-25; see also, White v. Mapco Gas Products, Inc., 116 F.R.D. 498, 502 (E.D. Ark. 1987)(same).

    B.    Legal Analysis.  In granting a Stay in these proceedings in January of 2007, the District Court adopted the Magistrate Judge's Recommendation, that found that the criminal investigation of the Defendants, which was pending at that time, involved the same claims, and issues, as those in this case.  See, Recommendation, supra at p. 3; Order, supra.  In their Motion to lift the Stay, the Plaintiffs argue that this matter was originally filed in August of 2006, and that, in the thirteen (13) months since this matter was stayed, very little progress has been observable in the pending criminal investigation.  Although a "target letter" was sent to Anderson, and the Defendants have submitted evidence, in the form of an Affidavit by the attorney that Anderson has retained for his defense against possible criminal charges, that the criminal investigation of Anderson is ongoing, Anderson has not been indicted, and

no other Defendant has been named as the possible subject of a criminal investigation. Thus, any criminal prosecution remains purely conjectural at this point and, on the Record before us, we are unable to determine if, or when, such a prosecution will ever commence.[2]

Moreover, allowing the Stay to continue gives rise to the danger, highlighted by the Plaintiffs, that "[w]itnesses relocate [and] memories fade," and additionally prevents "persons allegedly aggrieved [from seeking] vindication or redress for infinite periods of time." Fidelity National Title Ins. Co. v. National Title Resources Corp., 980 F. Supp. 1022, 1024 (D. Minn. 1997), quoting Southwest Marine, Inc. v. Triple A Mach. Shop, Inc., 720 F. Supp. 805, 809 (N.D. Cal. 1989), quoting in turn, In re Mid-Atlantic Toyota Antitrust Litigation, 92 F.R.D. 358, 359 (D. Md. 1981). While the Defendants have legitimate ongoing concerns about protecting their Fifth Amendment privilege, the right to avoid self-incrimination only attaches to individuals, and not to corporate entities, and thus does not extend to the Clinic, or to individuals charged in their official capacities. See, United States v. White, 322 U.S.

---

[2]If, as the Defendants fear, they are indicted, we are not powerless to consider the need for a Stay afresh. However, the reality is that a Stay will necessarily be indefinite, for the circumstances that the Defendants emphasize as requiring a Stay could continue until all possible appeals, and any post-Judgment Motions, are exhausted.

694, 699 (1944), citing Hale v. Henkel, 201 U.S. 43 (1906); see also, Bellis v. United States, 417 U.S. 85, 90 (1974)("Since no artificial organization may utilize the personal privilege against compulsory self-incrimination, it follows that an individual acting in his official capacity on behalf of the organization may likewise not take advantage of his personal privilege); In re Grand Jury Witnesses, 92 F.3d 710, 712 (8th Cir. 1996).

Although the Court considers the possibility that a defendant, such as Anderson, will be called upon to consider whether to waive his Fifth Amendment right as a factor in weighing against the advisability of allowing a civil case to go forward, while a criminal case involving the same defendant is pending, "[a] defendant has no absolute right not to be forced to chose between testifying in a civil matter and asserting his Fifth Amendment privilege." Keating v. Office of Thrift Supervision, 45 F.3d 322, 326 (9th Cir. 1995), citing Baxter v. Palmigiano, 425 U.S. 308, 318 (1976). Here, the interests of the Plaintiffs, the Court, and the public, outweigh any potential prejudice to the Defendants, were Anderson called upon to appear before the Court in this civil matter before the criminal investigation is resolved. Litigants are deposed and, conceivably, their testimony could lead to State or Federal criminal charges and, the

only circumstance that differs here, is that, some time ago, certain of the Defendants were placed on notice that they were under some form of criminal investigation.

Finally, the Defendants argue that lifting the Stay would not be appropriate, as the parties are engaged in settlement negotiations, see, Defendants' Memorandum, Docket No. 30, at p. 2, and, having to maintain a defense in both a civil and criminal matter, would raise a heavy financial burden.  However, the Affidavit submitted by the Defendants suggests that settlement negotiations have not been successful, see, Affidavit of Michael, supra at ¶4, and, while we commend the efforts of the parties to settle this case, absent a Stipulation of Dismissal by the parties, we retain the obligation, which is imposed by Rule 1, Federal Rules of Civil Procedure, to insure the "just, speedy and inexpensive determination" of this matter.  Consequently, we cannot further delay the progress of this case solely on the Defendants' suggestion that a settlement may eventually be secured.  As to the financial burden of fighting a legal battle on both a civil and a criminal front, we find that such threat is purely speculative, and does not justify the very real burden that continuing the Stay in this matter would impose upon the Defendants, and any relevant witnesses.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Plaintiffs' Motion To Lift Stay [Docket No. 24] be granted.

Dated:  March 28, 2008                              *s/Raymond L. Erickson*
                                                           Raymond L. Erickson
                                                           CHIEF U.S. MAGISTRATE JUDGE

## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than April 14, 2008,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than April 14, 2008,** unless all interested parties

stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.